UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JAMIL ABDUL MUHAMMAD,

                        Plaintiff,

-against-                                           3:24-CV-35 (LEK/ML)

DANIEL L. SEIDEN, *et al.*,

                        Defendants.

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

Plaintiff Jamil Abdul Muhammad filed this action against Defendants Daniel Seiden, Binghamton City Court, Adam Wage, Broome County District Attorney Office ("DA"), Randall Sturtz, and Binghamton Police Department ("BPD") on January 9, 2024, alleging a violation of various constitutional rights. Dkt. No. 1 ("Complaint"). On February 21, 2024, Plaintiff filed an amended motion to proceed *in forma pauperis*. Dkt. No. 7 ("IFP Application") On June 11, 2024, the Honorable Miroslav Lovric, United States Magistrate Judge, issued an Order and Report-Recommendation granting the IFP Application and recommending that the malicious prosecution claim against Defendant Wage in his individual capacity be accepted for filing and that all other claims be dismissed. Dkt. No. 9 ("Report and Recommendation"). After issuance of the Report and Recommendation, Plaintiff filed an amended complaint, Dkt. No. 12 ("Amended Complaint"), and a second amended complaint, Dkt. No. 13 ("Second Amended Complaint").

No party has filed objections to the Report and Recommendation. For the reasons that follow, the Court adopts the Report and Recommendation in its entirety except to the extent it requires a response from Defendant Wage.

## II. BACKGROUND

The Court assumes familiarity with Judge Lovric's Report and Recommendation, as well as with Plaintiff's factual allegations as detailed therein. See R. & R. at 2–4.

## III. LEGAL STANDARD

"Within fourteen days after being served with a copy [of the Magistrate Judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1)(C); see also L.R. 72.1. However, if no objections are made, a district court need only review a report and recommendation for clear error. See DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009) ("The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record."). Clear error "is present when upon review of the entire record, the court is left with the definite and firm conviction that a mistake has been committed." Rivera v. Fed. Bureau of Prisons, 368 F. Supp. 3d 741, 744 (S.D.N.Y. 2019) (cleaned up). Additionally, a district court will ordinarily refuse to consider an argument that could have been, but was not, presented to the magistrate judge in the first instance. See Hubbard v. Kelley, 752 F. Supp. 2d 311, 312–13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted). Upon review, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## IV.     DISCUSSION

No party objected to the Report and Recommendation "[w]ithin fourteen days after being served with a copy" of it. 28 U.S.C. § 636(b)(1)(C). Accordingly, the Court reviews the Report and Recommendation for clear error. Having found none, the Court approves and adopts the Report and Recommendation in its entirety.

In the Report and Recommendation, Judge Lovric "recommend[ed] that Plaintiff be granted leave to amend" certain claims in the Complaint. R. & R. at 22. Before this Court reviewed the Report and Recommendation, Plaintiff filed the Amended Complaint and the Second Amended Complaint. As this Court adopts the Report and Recommendation in its entirety, which allows for leave to amend the Complaint, the filing of the Amended Complaint and the Second Amended Complaint is acceptable subject to a separate 28 U.S.C. § 1915(e) review. With deference to Plaintiff's pro se status, the Court will consider Plaintiff's Second Amended Complaint as the operative complaint in this action. Since the Complaint is no longer operative, Defendant Wage will not be required to respond to Plaintiff's malicious prosecution claim, see R. & R. at 23, until the Court determines whether the Second Amended Complaint states such a claim.

As noted in the Report and Recommendation, "Plaintiff is informed that any amended complaint will replace the existing Complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the Court." See R. & R. at 23. The Court also advises Plaintiff that, while the Report and Recommendation suggested granting leave to amend, he must seek leave from the Court before filing any further amended complaints. See Fed. R. Civ. P. 15(a)(2).

3

## V.     CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report and Recommendation, Dkt. No. 9, is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that the Complaint, Dkt. No. 1, is **DISMISSED without prejudice and with leave to amend** to the extent that it asserts the following claims: (1) malicious prosecution claim pursuant to the Fourth Amendment and 42 U.S.C. § 1983 against Defendant Sturtz; (2) conditions of confinement claim pursuant to the Fourteenth Amendment and 42 U.S.C. § 1983 against Defendant Wage in his individual capacity and Defendant Sturtz; (3) ADA claim against Defendants DA, BPD, and Binghamton City Court; (4) Title VI of the Civil Rights Act claim against Defendants DA, BPD, and Binghamton City Court; and it is further

**ORDERED**, that the Complaint, Dkt. No. 1, is **DISMISSED without prejudice and without leave to amend** to the extent that it asserts the following claims: (1) malicious prosecution claim pursuant to the Fourth Amendment and 42 U.S.C. § 1983 against Defendants Seiden, Binghamton City Court, Wage in his official capacity, DA, and BPD; (2) conditions of confinement claim pursuant to the Fourteenth Amendment and 42 U.S.C. § 1983 against Defendants Seiden, Binghamton City Court, Wage in his official capacity, DA, and BPD; (3) ADA claim against Defendants Seiden, Wage, and Sturtz; (4) Title VI of the Civil Rights Act claim against Defendants Seiden, Wage, and Sturtz; and (5) claims pursuant to N.Y. Penal Law § 195.00 and 18 U.S.C. § 241; and it is further

**ORDERED**, that the Second Amended Complaint, Dkt. No. 13, be reviewed pursuant to 28 U.S.C. § 1915(e); and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:     August 19, 2024
           Albany, New York

LAWRENCE E. KAHN
United States District Judge