UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JAMIL ABDUL MUHAMMAD,

                              Plaintiff,

-against-                                              3:24-CV-35 (LEK/ML)

ADAM WAGE and RANDALL STURTZ,[1]

                              Defendants.

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

On August 8, 2024, pro se Plaintiff Jamil Abdul Muhammad filed a second amended complaint against Defendants Adam Wage and Randall Sturtz, alleging violations of his rights. Dkt. No. 13 ("Second Amended Complaint"). On January 29, 2025, the Honorable Miroslav Lovric, United States Magistrate Judge, issued a report and recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d), recommending that Plaintiff's claims brought pursuant to 5 U.S.C. §§ 331, 7311 and 18 U.S.C. § 1918 be dismissed, and that Plaintiff's malicious prosecution claim brought pursuant to 42 U.S.C. § 1983 survives initial review and requires a response. Dkt. No. 16 ("Report and Recommendation").

Plaintiff has not filed objections to the Report and Recommendation. For the reasons that follow, the Court adopts the Report and Recommendation in its entirety.

---

[1] The Clerk is directed to update the case caption to reflect that the only remaining defendants are Adam Wage and Randall Sturtz.

## II.    BACKGROUND

The Court assumes familiarity with the factual background detailed in the Report and Recommendation. *See* R. & R. at 2–4.

In his analysis, Judge Lovric first recommended dismissing Plaintiff's claims brought pursuant to 5 U.S.C. §§ 3331, 7311 and 18 U.S.C. § 1918 for failure to state a claim upon which relief may be granted. *Id.* at 4. Judge Lovric explained that Section 3331 "requires certain federal officials to swear an oath of allegiance to the Constitution," and "[t]he Second Amended Complaint does not allege that Defendants are federal officials." *Id.* at 4–5. Further, Sections 7311 and 1918 are criminal provisions, and "[t]here is no private right of action to enforce state or federal criminal statutes." *Id.* at 5.

Judge Lovric then evaluated Plaintiff's malicious prosecution claim brought pursuant to 42 U.S.C. § 1983. *Id.* at 6. After explaining the law, Judge Lovric recommended that "a response be required to Plaintiff's malicious prosecution claim pursuant to the Fourth Amendment against Defendants Sturtz and Wage in their individual capacities." *Id.* Judge Lovric also noted that "to the extent that Plaintiff asserts any claims against Defendant Seiden in his capacity as judge . . . I recommend that those claims be dismissed based on the doctrine of judicial immunity." *Id.* 6 n.3.

Lastly, Judge Lovric recommended not providing Plaintiff with any additional leave to amend the Second Amended Complaint. *Id.* at 7.

Judge Lovric thus recommended that the Second Amended Complaint be accepted for filing to the extent that it states a malicious prosecution claim against Defendants Sturtz and Wage, and that Plaintiff's claims brought pursuant to Sections 331, 7311, and 1918 be dismissed. *Id.* at 8.

### III. LEGAL STANDARD

"Within fourteen days after being served with a copy [of the Magistrate Judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1)(C); *see also* L.R. 72.1. However, if no objections are made, a district court need only review a report and recommendation for clear error. *See DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009) ("The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record."). Clear error "is present when upon review of the entire record, the court is left with the definite and firm conviction that a mistake has been committed." *Rivera v. Fed. Bureau of Prisons*, 368 F. Supp. 3d 741, 744 (S.D.N.Y. 2019) (cleaned up). Upon review, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### IV. DISCUSSION

Plaintiff did not object to the Report and Recommendation within fourteen days after being served with a copy of it. Accordingly, the Court reviews the Report and Recommendation for clear error. *See DiPilato*, 662 F. Supp. 2d at 339. Having found none, the Court approves and adopts the Report and Recommendation in its entirety.

### V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report and Recommendation, Dkt. No. 16, is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that the Second Amended Complaint, Dkt. No. 13, be **ACCEPTED** for filing; and it is further

**ORDERED**, that Plaintiff's claims brought pursuant to 5 U.S.C. §§ 3331, 7311 and 18 U.S.C. § 1918 are **DISMISSED with prejudice**; and it is further

**ORDERED**, that Plaintiff's malicious prosecution claim against Defendants Sturtz and Wage **SURVIVES** initial review and requires a response; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   March 18, 2025
         Albany, New York

LAWRENCE E. KAHN
United States District Judge